UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DARYL K. ELLIOT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:11CV959 CEJ |
| POLICE DEPARTMENT DISTRICT 4, et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Daryl Elliot (registration no. 25008), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.20. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has not submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. However, plaintiff claims that he receives $56.00 per month for working in the kitchen at the Workhouse. Therefore, the Court will assess a partial initial filing fee of $11.20, which is twenty percent of his monthly income.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Police Department District 4; Clifford G. Sommers and Michael V. Langsdorf , who are

police officers; and Meggie Beisenthal, a public defender. Plaintiff seeks monetary relief.

Plaintiff alleges that he was arrested by defendant Sommers for gambling. When the police searched plaintiff they found bags of white powder on his person. Plaintiff maintains that the white substance was baking powder, but a laboratory report showed that it was heroin. Plaintiff claims that he was falsely arrested, and that defendant Beisenthal has not been effective in defending his case.

## Discussion

Plaintiff's claim against Police Department District 4 is legally frivolous because the Department is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (same).

The complaint is silent as to whether the defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v.

Dep't of Social Services, 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.  Therefore, the complaint fails to state a claim upon which relief can be granted as to defendants Sommers and Langsdorf.

The complaint fails to state a claim upon which relief can be granted as to defendant Beisenthal because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk County v. Dodson, 454 U.S. 312, 325 (1981).

For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis [Docs. 2, 4] are **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.20 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of June, 2011.

                                                                                      _____
                                                                                      CAROL E. JACKSON
                                                                                      UNITED STATES DISTRICT JUDGE